IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TANYA JETT,<br>    O/B/O BRIANNA R. MORLEY, | )<br>)<br>) | |
| Plaintiff, | ) | |
| vs. | )<br>)<br>) | Civil Action<br>No. 09-4130-CV-C-JCE-SSA |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | )<br>)<br>) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for child's supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. Pursuant to 42 U.S.C. § 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be reversed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991); Briggs v. Callahan, 139 F.3d 606, 607-08 (8th Cir. 1998). "Substantial evidence exists when a reasonable mind would conclude that the evidence is adequate to support the decision, 'consider[ing] evidence that detracts from the Commissioner's decision, as well as evidence that supports it.'" Rucker for Rucker v. Apfel,

141 F.3d 1256, 1259 (8th Cir. 1998), quoting Briggs, 139 F.3d at 608.  If it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

Under the new standard for defining childhood disabilities under the Social Security Act, a child is considered disabled if the child has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations" and lasts for a period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i),(ii).  The law discards the "comparable severity" to an adult disability test of the old standard in favor of a showing of "marked and severe functional limitations."  Rucker, 141 F.3d at 1259.  "[T]his new test imposes a more stringent standard for evaluating childhood disability claims than the earlier test." Id. (citation omitted).

The steps in evaluating a disability for children requires a finding that the child is not engaged in substantial gainful activity and that there is a severe impairment.  20 C.F.R. § 416.924.  The ALJ must also find that the impairment meets, medically equals, or functionally equals in severity a listed impairment.  20 C.F.R. § 416.924(d).  To show that an impairment matches a listing, the impairment must meet all the specified medical criteria.  Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  In the case of a child, if the claimed impairment or combination of impairments does not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the Commissioner will use four methods to determine if the impairment or combination of impairments is functionally equivalent to a listed impairment.  20 C.F.R. § 416.926a(a), (b) (1998).  These four methods require consideration of: 1) limitation of specific

2

functions; 2) broad areas of development or functioning; 3) episodic impairments; and 4) limitations related to treatment or medication effects. 20 C.F.R. § 416.926a(b)(1)-(4) (1998). If the child has "extreme" limitations in one area of functioning, or "marked" limitations in two areas of functioning, a finding of functional equivalence to listing § 112.02 or § 112.12 will be made, even if the impairment is a physical impairment or a combination of physical and mental impairments. 20 C.F.R. §§ 416.926a(b)(2)(c)(1998). A marked impairment includes an impairment that is "more than moderate," but "less than extreme," and one that seriously interferes with the child's functioning. 20 C.F.R. § 416.926a(c)(3)(1)(1998). An extreme impairment includes an impairment where a child has "no meaningful functioning in a given area." 20 C.F.R. § 416.926a(c)(3)(ii) (1998). The broad areas of development or functioning that are considered under this method are: cognition/communication, motor, social, personal, and concentration, persistence, or pace. 20 C.F.R. § 416.926a(c)(4), (5) (1998).

## Discussion

Plaintiff was four years old at the time of the hearing before the ALJ. Her father filed her application for SSI, alleging she was disabled as of the date of birth, May 6, 2004. He alleged that her disability was due to phenylketonuria ["PKU"], a condition resulting from the lack of an enzyme that processes protein, and a speech impairment.

Plaintiff's mother testified at the hearing that plaintiff's main problem is her inability to eat solid food. There were problems with plaintiff's only eating baby food, and refusing more textured food. She was mainly concerned that plaintiff was not chewing. She did not disagree with the ALJ's statement that she was healthy and her speech was fine, but she did express concerns with how her child communicated with other children her age. In terms of how she

3

was disabled, her mother testified that it was because of her not chewing. She explained that it was important for her daughter to eat right because of the PKU and maintaining certain blood levels, but that some days she would only drink her milk. The mother also testified that she was moody, and bossy, and gets very agitated. It was her testimony that plaintiff was starting to take a new medication for the PKU.

It was the finding of the ALJ that plaintiff had not engaged in substantial gainful activity, and that she suffers from the severe impairment of PKU. Specifically, the ALJ found that plaintiff's PKU did not result in either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning. [Tr. 17]. In making this determination, the ALJ found that plaintiff had no limitation in acquiring and using language; that she had no limitation in attending and completing tasks; that she had less than marked limitation in interacting and relating with others; that she had no limitation in moving about and manipulating objects; and that she had less than marked limitation in the ability to care for herself; and that she has a marked limitation in health and physical well-being because she has a problem with eating solid foods. Therefore, the ALJ found that she was not disabled.

Plaintiff contends that the ALJ erred in denying benefits where there was not substantial evidence to support his finding that plaintiff did not have marked limitations in acquiring and using information, interacting and relating to others, caring for self, and an extreme limitation in health and physical well being. It is asserted that Dr. Hillman, the treating physician, completed a Medical Source Statement in which he indicated that plaintiff had these limitations. [Tr. 265]. She contends that the ALJ erred in concluding that the doctor's opinion was wholly unsupported by the record, and that the record established that plaintiff's condition is controlled by diet.

4

Plaintiff maintains that the treatment notes indicate that at age 4, plaintiff was only eating baby food and had difficulty swallowing, which is consistent with an extreme limitation; and that Dr. Hillman indicated in his notes that her speech therapy was going to increase from one to two times a week.

The records indicate that plaintiff was a well-nourished child at about the 25% for weight and height a time of the hearing. She has extreme difficulty, however, with eating solid foods, including being introduced to textured food, and to swallowing without gagging. She has received treatment from various doctors, including genetic specialists, as well as treatment in the form of occupational therapy and counseling for the family. She has also received services in the home of her babysitter to instruct her on how to teach plaintiff to eat properly. She has been treated by Dr. Hillman for most of her life. While the record indicates that there have been compliance problems with the parents, this may be the product of lack of understanding, depression on the mother's part, and the difficult social situation in the family, as noted by the doctor. The latest medical entries in the record indicate, however, that at the age of almost five, plaintiff had the "continuing inability to learn to chew." [Tr. 275]. She was enrolled in Early Childhood Special Education and "is going to get lots of speech and language help." [Id.]. Additionally, it was noted in her developmental history that she still drinks from a bottle, eats baby food and refuses to chew. Further, her treating physician noted that she was at risk for developmental problems and could not eat solid foods without choking. Her response to the medicine for PKU was questionable, and she continued to have fluctuations of blood levels. On-going efforts were being made to educate the family and assist plaintiff with eating skills.

Upon review of the entire record, the Court finds that there is not substantial evidence to

support the ALJ's decision that plaintiff did not have an extreme limitation in the area of health and physical well being. Based on the record as a whole, the treating physician's opinion that she was extremely limited, i.e., had no meaningful functioning, in the area of health and physical well being, is well-supported. The Court finds that it was error to have discounted the opinion of the treating physician, who found her to be markedly limited in several areas and extremely limited in the area of health and physical well-being. The medical records in their entirety are consistent with this opinion. Based on the foregoing, the Court finds that there is not substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted. It is further

ORDERED that, pursuant to 42 U.S.C. Section 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 2/28/11